IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE:

VANDENBERG, YOLANDE C.

Debtor.

Case No. 13-13972-NLJ
(Chapter 7)

### MOTION TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES BY PUBLIC AUCTION AND REQUEST FOR WAIVER OF 14 DAY STAY PURSUANT TO F.R. BANK. R. 6004(h) WITH BRIEF IN SUPPORT AND NOTICE AND OPPORTUNITY FOR HEARING

Joel C. Hall, Trustee ("Trustee"), files this *Motion for Authority to Sell Property of the Estate Free and Clear of Liens and Other Interests by Public Auction with Brief in Support* pursuant to 11 U.S.C. §§ 102(a)(A), (B)(ii), 105(a), 363(f), and F. R. Bankr. P. 2002, 6004, 9013, 9014 and Local Rules 9013 and 9014 (the "*Motion*").  In support, the Trustee states as follows:

## A.    Jurisdiction

1.    The Court has jurisdiction to consider this *Motion* pursuant to 28 U.S.C. § 1334.

2.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.    Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## B.    Relevant facts

4.    On August 30, 2013, Yolande C. Vandenberg ("Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Estate").

5.    All Debtor's legal and equitable interests in the property described below (collectively the "Property") is property of the Bankruptcy Estate pursuant to 11 U.S.C. § 541:

Oil and Gas Property
(the "Property").

6.    The Court previously approved or will approve the Trustee's retention of Dakil

Auctioneers, Inc., for the purpose of selling the Property.

7.    Therefore, the Trustee seeks immediate authority to sell the Bankruptcy Estate's interest in the Property at a public auction to be held at Dakil Auctioneers, 200 N.W. 114th Street, Oklahoma City, Oklahoma on Tuesday, August 5, 2014 at 10:00 a.m.

8.    Pursuant to 11 U.S.C. § 363(f) the Trustee may sell the Property, other than in the ordinary course of business, free and clear of any and all liens, claims or encumbrances.  The Trustee seeks authority to sell the Bankruptcy Estate's interest in the Property pursuant to section 363(f) and the interest of any co-owner in the Property, where applicable, pursuant to section 363(h).  In the event that such Property is jointly owned, partition of the Property is impracticable and a sale of the above-captioned bankruptcy estate's undivided interest, where applicable, will cause a diminished sale return.  The benefit to the estate outweighs any prejudice to co-owners.

9.    Under the circumstances, a public auction will maximize the value of the Property for the benefit of the Bankruptcy Estate.

## C.    The Court should approve a public auction of the Property, to be conducted at the Property.

Although § 363 does not set forth a standard for determining when it is appropriate for a court to authorize the use, sale or lease of assets, courts generally require that it be based upon the sound business judgment of the trustee.  *See*, *Equity Sec. Holders v. Lionel Corp. (In re Lionel),* 722 F.2d 1063 (2nd Cir.1983); *In re Murphy*, 288 B.R. 1, 5 (D.Me. 2002).

Further, where a trustee proposes to sell estate assets, the trustee's business judgment is subject to great judicial deference, and should be approved unless it is shown that trustee acted in an irrational, arbitrary, or capricious manner.  *In re Murphy* at 5.  Some of the factors to be considered by the Court in approving a sale under § 363 include whether a reasonable business

2

purpose exists for the sale, whether there has been accurate and reasonable notice, whether the price is fair and reasonable and whether insiders are benefiting from the sale.

To attract the largest possible amount of buyers, and to maximize the value of all assets, the Property should be sold at a public auction. Thus, the Court should approve sale of Property via public auction to be conducted at Dakil Auctioneers, 200 N.W. 114th Street, Oklahoma City, Oklahoma on Tuesday, August 5, 2014 at 10:00 a.m.

## D.    The Court should authorize the public auction sales of the Property to be free and clear of all liens, claims and encumbrances.

Pursuant to § 363(f):

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if--
>
> **(1)** applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> **(2)** such entity consents;
>
> **(3)** such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> **(4)** such interest is in bona fide dispute; or
>
> **(5)** such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

The Court may approve a sale "free and clear" provided that at least one of § 363(f)'s subsections is met. Finally, F. R. Bankr. P. 6004(f)(1) permits sales outside the ordinary course of business to be made by either public or private sale. In the instant case, to the extent that any other person or entity may have an interest in the Property, the Trustee requests that the Property be sold free and clear of such interest.

3

**ALL INTERESTED PERSONS ARE NOTIFIED that a hearing on this Motion has been scheduled for April 23, 2014 at 9:30 a.m.**

If no objections are timely filed within 20 days of the service of this Motion, the Court may enter an order granting this Motion without the need for the currently scheduled hearing pursuant to 11 U.S.C. § 102(1), and without further notice to interested persons.

The Trustee strongly recommends that all persons who receive this Motion should consider consulting an attorney regarding this matter, as personal rights may be affected should this Motion be approved by the Court.

**NOTICE OF OPPORTUNITY FOR HEARING**

Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than April 18, 2014 at 5:00 p.m. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.

## E.    Relief requested

In light of the above, the Trustee prays for an Order of the Court (i) authorizing him to sell the Property free and clear of all liens, claims and encumbrances, (ii) by public auction to be conduced at Dakil Auctioneers, 200 N.W. 114th Street, Oklahoma City, Oklahoma on Tuesday,

August 5, 2014 beginning at 10:00 a.m. C.S.T., (iii) waiving the fourteen (14) day stay of F. R.

Bankr. P. 6004(h) granting such further relief as the Court deems just and equitable.

Respectfully submitted,

s/Joel Hall
_____
Joel C. Hall (OBA #13643)
MULINIX OGDEN HALL & LUDLAM
A Professional Limited Liability Company
3030 Oklahoma Tower
210 Park Avenue
Oklahoma City, Oklahoma  73102
(405) 232-3800
ATTORNEYS FOR THE TRUSTEE

## CERTIFICATE OF MAILING

I hereby certify that on the 26th day of March, 2014, I served the attached document by first class U.S. mail, postage prepaid on the following who are not registered participants of the ECF System:

see attached matrix

s/Joel Hall
_____
Joel C. Hall

Label Matrix for local noticing
1087-5
Case 13-13972
Western District of Oklahoma
Oklahoma City
Tue Mar 25 14:36:03 CDT 2014

Ally Financial
P.O. Box 130424
Roseville, MN 55113-0004

First Merit Bank, N.A.
111 Cascade
Akron, OH 44308-1124

USBC Western District of Oklahoma
215 Dean A. McGee
Oklahoma City, OK 73102-3426

Ally Financial
P.O. Box 380901
Bloomington, MN 55438-0901

Amanda Vandenberg-Farler
1060 1/2 E. Main St. #4
Columbus, OH 43205-2385

American Express
P.O. Box 981537
El Paso, TX 79998-1537

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Credit Bureau Dispute Res
P.O. Box 14517
Des Moines, IA 50306-3517

Discover Financial SVCS LLC
P.O. Box 15316
Wilmington, DE 19850-5316

First Merit Bank
295 First Merit Center
Akron, OH 44307

GMAC
PO Box 380901
Bloomington, MN 55438-0901

Midland Funding LLC.
8875 Aero Dr. Ste. 200
San Diego, CA 92123-2255

Sallie Mae
P.O. Box 9655
Wilkes Barre, PA 18773-9655

Scott Vandenberg
84 Blanot St.
Medina, OH 44256-2402

U.S. Trustee
United States Trustee
215 Dean A. McGee Ave., 4th Floor
Oklahoma City, OK 73102-3444

Wells Fargo Bank
P.O. Box 14517
Des Moines, IA 50306-3517

Wells Fargo Bank
P.O. Box 3117
Winston Salem, NC 27102-3117

Jeffrey S. Coe
2548 NW Expressway Suite 102
Oklahoma City, OK 73112-7139

Joel C. Hall
210 Park Avenue
3030 Oklahoma Tower
Oklahoma City, OK 73102

Yolande C. Vandenberg
3333 Everett Dr.
Edmond, OK 73013-7444

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bank of America
P.O. Box 982235
El Paso, TX 79998-2235

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.